[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11899
Non-Argument Calendar

_____

D.C. Docket No. 4:12-cr-00026-CDL-MSH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES SOLOMON GLOVER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 19, 2021)


Before JILL PRYOR, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Charles Glover, a federal prisoner proceeding pro se,[1] appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Reversible error has been shown; we vacate the district court's order and remand for additional consideration and explanation by the district court.

In 2013, Glover was sentenced to 210 months' imprisonment after pleading guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

In April 2020, Glover moved pro se for compassionate release under section 3582(c)(1)(A), as amended by the First Step Act of 2018.[2]  Glover asserted that his age of 55 and his underlying chronic medical conditions (including insulin-dependent diabetes and high blood pressure) put him at increased risk of serious illness if he contracted COVID-19.  Glover also said he posed no threat to the community and was completely rehabilitated.

The district court denied Glover's motion without ordering a response from the government.  In a one-page order, the district court denied relief "after

---

[1] We read liberally briefs filed by pro se litigants.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

[2] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

2

complete review of the motion on the merits" and "after considering the applicable factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission." The district court stated, "[u]pon review of the defendant's motion and all available records, the Court concludes that [defendant] has not provided extraordinary and compelling evidence that would warrant a compassionate release."

We review for abuse of discretion the district court's decision about whether to grant or to deny a defendant compassionate release. See United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." United States v. Khan, 794 F.3d 1288, 1293 (11th Cir. 2015).

A district court has no inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 605-06 (11th Cir. 2015). Section 3582(c)(1)(A) governs the district court's authority to reduce a prisoner's sentence based on "compassionate release." Before passage of the First Step Act, section 3582(c)(1)(A) authorized the district court to reduce a prisoner's term of imprisonment only upon motion of the Director of the Bureau of Prisons ("BOP").

3

See 18 U.S.C. § 3582(a)(1)(A) (effective 2 November 2002 to 20 December 2018). The First Step Act amended section 3582(c)(1)(A) to allow a district court to reduce a prisoner's term of imprisonment also upon motion of the defendant. See First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).

In ruling on a motion for compassionate release under section 3582(c)(1)(A), the district court must consider (1) whether extraordinary and compelling reasons warrant a sentence reduction, (2) the applicable section 3553(a) factors, and (3) whether a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A).

The policy statements applicable to section 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. See U.S.S.G. § 1B1.13. The commentary to section 1B1.13 identifies circumstances -- including a prisoner's medical condition and age -- that might constitute extraordinary and compelling reasons. Id. § 1B1.13 comment. (n.1).

Pertinent to this appeal, the commentary provides that a prisoner's medical condition may warrant a sentence reduction if the prisoner (1) has a terminal illness, or (2) has a substantially diminished ability to provide self-care in prison because of a serious physical or mental condition or because of age-related deterioration in physical or mental health. Id. § 1B1.13 comment. (n.1(A)). A

4

prisoner's age may also constitute an extraordinary and compelling reason if the prisoner (1) is at least 65 years' old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served the lesser of 10 years or 75 percent of his term.  Id. § 1B1.13 comment. (n.1(B)).  A prisoner's rehabilitation is not, by itself, considered an extraordinary and compelling reason warranting a sentence reduction.  Id. § 1B1.13 comment. (n.3).

In a catch-all provision, the commentary also states that a prisoner may be eligible for a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed.  Id. § 1B1.13 comment. (n.1(D)) (emphasis added).

After determining whether to reduce a defendant's sentence, the district court must explain its decision sufficiently enough to allow for meaningful appellate review.  See United States v. Johnson, 877 F.3d 993, 997 (11th Cir. 2017).  When neither the district court's order nor the record indicates adequately the basis for the district court's decision, we are unable to conduct a meaningful review; we will thus vacate the judgment and remand for additional explanation.  See id. at 1000 (vacating and remanding the district court's summary denial,

5

without explanation and without requesting a government response, of a motion for early termination of supervised release under section 3583(e)(1)).

Here, it is unclear from the district court's order and from the record the reasons for the district court's denial of Glover's motion for compassionate release. The district court stated without further explanation that Glover failed to present "extraordinary and compelling evidence that would warrant a compassionate release." We cannot tell from the district court's language whether the district court believed it was constrained -- by the criteria identified in section 1B1.13's commentary -- from considering Glover's proffered grounds for relief. Nor can we determine whether, instead, the district court considered Glover's arguments but concluded that Glover's individual circumstances were not extraordinary or compelling.

On appeal, the government asserts that we may affirm on any ground supported by the record and presents arguments in favor of denying Glover relief. We count on district judges to help us in applying the law and finding facts in the cases. They have their job; we have ours. When -- as in cases like this one -- we cannot determine the reason underlying the district court's decision, we have cautioned against using this kind of "post hoc rationalization" to affirm the district

6

court's ruling: a practice that promotes no meaningful review.  See Johnson, 877 F.3d at 999-1000.

Having considered the language of the district court's order and the record in this case, we cannot determine with sufficient certainty the basis for the district court's decision and, thus, whether an abuse of discretion occurred.  We vacate the district court's order and remand for clarification about the reasons for the district court's ruling.

VACATED AND REMANDED.